IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL E. JONES | § | |
| | § | |
| v. | § | C.A. NO. C-06-200 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**ORDER DENYING PETITIONER'S**
**MOTION FOR AN EVIDENTIARY HEARING**

Petitioner is a state inmate currently incarcerated at the Neal Unit in Amarillo, Texas, who has filed a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is his motion for an evidentiary hearing. (D.E. 34).

Petitioner seeks an evidentiary hearing to address a pleading that he alleges was filed in the state habeas proceeding, which establishes that he exhausted several claims that he raised in his federal habeas petition. Id. at 2. He argues that he is entitled to a hearing because he has never been afforded one in his state and federal habeas proceedings. Id. He seeks a hearing about census data in Nueces County. Id. at 3. Finally, he requests a hearing to address the existence of a black ski mask.

Rule 8(a) of the Rules Governing Section 2254 Cases states that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to

determine whether an evidentiary hearing is warranted." Rule 8(c) further requires that "[t]he judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." The Fifth Circuit has explained that "[a] hearing in a habeas proceeding is required only when, *inter alia*, the record reveals a genuine factual dispute." Tague v. Puckett, 874 F.2d 1013, 1015 (5th Cir. 1989) (emphasis added); see also Murphy v. Johnson, 205 F.3d 809, 815-16 (5th Cir. 2000) (discussing basis for evidentiary hearing).

Regarding pleadings filed in state court, petitioner may file those with this Court. It is unnecessary to have an evidentiary hearing about documents petitioner should have and can produce.

Petitioner relies on Earp v. Oronski, 431 F.3d 1158 (9th Cir. 2005) and Keeney v. Tamayo-Reyes, 504 U.S. 1, 5 (1992) to support his argument that he is entitled to an evidentiary hearing. (D.E. 34, at 2). In Earp, the Ninth Circuit did not determine that petitioners were entitled to hearings if they never had one in either their state or federal habeas proceedings. Instead, the Earp court explained that pursuant to the Supreme Court's decision in Townsend v. Sain, 372 U.S. 293 (1963), a petitioner is entitled to a hearing if he can show any of the following:

> (1) the merits of the factual dispute were not resolved in
> the state hearing; (2) the state factual determination is not
> fairly supported by the record as a whole; (3) the fact-
> finding procedure employed by the state court was not

>adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair hearing.

431 F.3d at 1167 (quoting Townsend, 372 U.S. at 313).  Petitioner has not demonstrated any of the six factors apply to his state petition.

Similarly, Keeney establishes that a federal evidentiary hearing is mandated if a petitioner can establish that a fundamental miscarriage of justice would result otherwise.  504 U.S. at 12.  The Supreme Court remanded the petitioner's habeas petition for an evidentiary hearing to consider whether a Cuban immigrant who had little education and very limited knowledge of English properly plead nolo contendere to a manslaughter charge where the translator allegedly had not translated accurately the elements of the charge.  Id. at 4.  Here, petitioner has not demonstrated that there is a fundamental miscarriage of justice.  Indeed, a memorandum and recommendation issued on March 21, 2007 recommends that his claims be dismissed for failure to exhaust and on the merits.  (D.E. 29).  Petitioner has not filed objections to this memorandum and recommendation.

Petitioner's request for an evidentiary hearing regarding the census data relates to his claim that the jury selected was not racially balanced.  This claim was not properly exhausted in his state habeas application.  Moreover, he has wholly

3

failed to show that the under-representation of African-Americans was due to the systematic exclusion of African-Americans as a group in the jury selection process.

Regarding the black ski mask, petitioner failed to exhaust his claims in the state habeas petition related to the black ski mask. Moreover, he has failed to show that the state's failure to present the black ski mask was done in bad faith. Finally, he has failed to show that there was any favorable evidence relating to the black ski mask, that such evidence would have been material to his defense, or that the prosecution withheld such evidence.

Petitioner's request for an evidentiary hearing appears to seek discovery in some regards. For example, he requests the production of the black ski mask. (D.E. 34, at 3). He has already made a similar discovery request, (D.E. 27-3, at 4), which was denied. (D.E. 28). Similarly, he has requested census data for racial demographics in Nueces County. Compare (D.E. 27-3, at 4) with (D.E. 34, at 3). Finally, he has sought admissions concerning his allegation that he addressed several claims in his state habeas application. (D.E. 27-3, at 2).

To the extent that petitioner is seeking to engage in discovery through his request for an evidentiary hearing, that request is denied. A habeas petitioner is generally not entitled to discovery. Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court

finds good cause." Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) (emphasis added); see also United States v. Webster, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted). Petitioner has failed to establish good cause warranting discovery.

Accordingly, petitioner's motion for an evidentiary hearing, (D.E. 34), is hereby DENIED.

ORDERED this 20th day of April 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE